U.S. BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  WILLIAM MOORE                : CHAPTER 13
                                     : BANKRUPTCY NO. 19-10702

*AMENDED* ORDER

AND NOW, this 15th day of January, 2020, upon consideration of the application by Debtor, William Moore, it is hereby ORDERED as follows:

1. The Debtor's Motion to Sell his property located at 1211 Wellington Street, Philadelphia, PA 19104 is hereby approved.

2. The Court finds the Buyer to be a purchaser in good faith.

3. The Debtor is authorized and permitted to make the following distributions from proceeds generated at settlement:

   a. **$9,120.00 (estimated)** for any and all past due real estate taxes, if any, and present real estate taxes if any, shall be prorated to the date of settlement. Liens to be paid in full subject to proper payoff at the time of settlement;

   b. **$3,000.00 (estimated)** for municipal claims, if any, including past due sewer, water or refuse charges, if any, and any present municipal claims prorated at settlement. Liens to be paid in full subject to proper payoff at the time of settlement;

   c. **$81,000.00 (estimated)** for any mortgage claim existing on the subject premises. Mortgage to be paid in full subject to proper payoff at the time of settlement;

   d. **$14,240.20 (estimated)** for all applicable closing costs including any real estate transfer taxes, realtor's commission paid in conformity with the terms, and conformity with the terms and condition of the agreement of sale;

   e. The amount of **$9,000.00** shall be distributed and made payable to William. C. Miller, Trustee, PO Box 1799, Memphis, TN 38101-1799, to fund the remainder of his Chapter 13 Plan to pay 100% of any remaining unsecured claims; and

   f. The remaining proceeds in the amount of **$51,639.80 (estimated)** shall be distributed to the debtor; and

4. This order shall be effective immediately and shall not be subject to the Stay otherwise imposed by Bankruptcy Rule 6004 (g); and

5. The debtor is authorized to sign all deeds and other documents needed to transfer good title to the Real Property to the Buyer.

6. The Title Company shall fax a copy of the final HUD-1 Settlement Statement to William C. Miller, Standing Trustee, at 215-627-6299, immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

7. Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier to 1234 Market Street, Suite 1813, Philadelphia, PA 19107.

8. Debtor shall not be permitted to voluntarily dismiss this case; he may, however, convert this case to on under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

BY THE COURT,

_Magdeline D. C_____
HONORABLE MAGDELINE D. COLEMAN

Copies to:

Paul H. Young, Esquire

U.S. Trustee

William Miller, Trustee

All creditors on matrix

Debtor