United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 19-10702-mdc
William Moore                                                           Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: DonnaR           Page 1 of 1              Date Rcvd: Jan 16, 2020
                       Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 18, 2020.
db             +William Moore,   1211 Wellington Street,   Philadelphia, PA 19111-4226

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 18, 2020                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 16, 2020 at the address(es) listed below:
              JOSHUA   DOMER    on behalf of Creditor    CITY OF PHILADELPHIA joshua.domer@phila.gov,
               karena.blaylock@phila.gov
              KEVIN G. MCDONALD    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY) bkgroup@kmllawgroup.com
              PAMELA ELCHERT THURMOND    on behalf of Creditor    CITY OF PHILADELPHIA pamela.thurmond@phila.gov,
               karena.blaylock@phila.gov
              PAUL H. YOUNG    on behalf of Debtor William  Moore support@ymalaw.com, ykaecf@gmail.com,
               paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com
              REBECCA ANN SOLARZ    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY) bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                               TOTAL: 7

U.S. BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  WILLIAM MOORE           :  CHAPTER 13
                                :  BANKRUPTCY NO. 19-10702

AMENDED  ORDER

AND NOW, this 15th day of January, 2020, upon consideration of the application by Debtor, William Moore, it is hereby ORDERED as follows:

1. The Debtor's Motion to Sell his property located at 1211 Wellington Street, Philadelphia, PA 19104 is hereby approved.

2. The Court finds the Buyer to be a purchaser in good faith.

3. The Debtor is authorized and permitted to make the following distributions from proceeds generated at settlement:

   a. **$9,120.00 (estimated)** for any and all past due real estate taxes, if any, and present real estate taxes if any, shall be prorated to the date of settlement. Liens to be paid in full subject to proper payoff at the time of settlement;

   b. **$3,000.00 (estimated)** for municipal claims, if any, including past due sewer, water or refuse charges, if any, and any present municipal claims prorated at settlement. Liens to be paid in full subject to proper payoff at the time of settlement;

   c. **$81,000.00 (estimated)** for any mortgage claim existing on the subject premises. Mortgage to be paid in full subject to proper payoff at the time of settlement;

   d. **$14,240.20 (estimated)** for all applicable closing costs including any real estate transfer taxes, realtor's commission paid in conformity with the terms, and conformity with the terms and condition of the agreement of sale;

   e. The amount of **$9,000.00** shall be distributed and made payable to William. C. Miller, Trustee, PO Box 1799, Memphis, TN 38101-1799, to fund the remainder of his Chapter 13 Plan to pay 100% of any remaining unsecured claims; and

   f. The remaining proceeds in the amount of **$51,639.80 (estimated)** shall be distributed to the debtor; and

4. This order shall be effective immediately and shall not be subject to the Stay otherwise imposed by Bankruptcy Rule 6004 (g); and

5. The debtor is authorized to sign all deeds and other documents needed to transfer good title to the Real Property to the Buyer.

6. The Title Company shall fax a copy of the final HUD-1 Settlement Statement to William C. Miller, Standing Trustee, at 215-627-6299, immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

7. Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier to 1234 Market Street, Suite 1813, Philadelphia, PA 19107.

8. Debtor shall not be permitted to voluntarily dismiss this case; he may, however, convert this case to on under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

BY THE COURT,

HONORABLE MAGDELINE D. COLEMAN

Copies to:

Paul H. Young, Esquire

U.S. Trustee

William Miller, Trustee

All creditors on matrix

Debtor